UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

In Re:                                                                                  **STIPULATION AND ORDER**
                                                                                        **APPROVING LOAN**
                                                                                        **MODIFICATION**
Nwakaego Okoye
             Debtor(s)                                 Case No.: 10-12596-(SCC)
                                                                                        Chapter 13


_____

      WHEREAS, RoundPoint Mortgage Servicing Corporation (the "Secured Creditor") is the holder and/or servicer of a mortgage under a Consolidation, Extension and Modification Agreement dated October 28, 2003 whereby certain mortgages were consolidated into a single lien of $300,000, and identified by the last four loan numbers of **0256, secured by real property owned by Nwakaego Okoye, (the "Debtor") and commonly known as 3020 Williamsbridge Road, Bronx, New York  10467 (the "Premises"); and

      WHEREAS, Debtor made a Loss Mitigation Request pursuant to **General Order #M-364 (SDNY)** on May 17, 2010, and

      WHEREAS, a Loss Mitigation Order was issued by the court on June 9, 2010, and

      WHEREAS, Debtor and Secured Creditor have agreed to modify the existing terms of the note and mortgage as outlined below, and more fully in the proposed Loan Modification Agreement attached hereto, it is hereby

      STIPULATED AND AGREED THAT THE MORTGAGE MAY BE MODIFIED AS FOLLOWS:

1. The note and mortgage securing the Secured Creditor's lien identified as loan **0256** may be modified in accordance with the following terms:
    a. The maturity date may be modified to June 1, 2041.
    b. The principal balance as of June 1, 2011 may be modified to $358,216.72.
    c. Debtor shall pay the New Principal Balance with interest at the rate of 4.375%

    effective June 1, 2011.  Debtor's principal and interest payment shall be $1,411.79 commencing July 1, 2011.through to the maturity date. The total payment may vary depending upon the escrow component required or for any other reason as set forth in the terms of the underlying note, mortgage, and the Loan Modification Agreement.

2. This Stipulated Order approves the Loan Modification Agreement or offer but does not mandate it. The Parties acknowledge that the Loan Modification Agreement or offer has not been finalized, settled or recorded. The Parties further acknowledge that should the Secured Creditor not be able to settle, finalize or record the Loan Modification Agreement or offer due to any act or omission of the Debtor(s), the Loan Modification Agreement or offer may be revoked.

3. The Secured Creditor's claim, identified as Claim 10 on the Claims register, asserting pre-petition arrears in the amount of $87,822.72, is hereby amended, without prejudice to further amendment, so that $0.00 pre-petition arrears are claimed. The Parties agree and understand that the claim will not be paid via the Chapter 13 Plan. The Parties also agree and understand that no part of the pre-petition arrears in the amount of $87,822.27 will be discharged via the Chapter 13 bankruptcy. Should the loan modification not be settled or finalized for any reason, the Parties hereby agree that the amount of $87,822.72 in pre-petition arrears will remain owing to the Secured Creditor, regardless of confirmation of the Chapter 13 Plan and regardless of any discharge that may be issued in this case, in so far as they have not been reduced by payments made and received.

4. The loss mitigation period is hereby terminated in respect to the loan ending in **0256**.

5. If not previously lifted or otherwise terminated, the automatic stay is hereby lifted for the purpose of entering into and taking such steps as are necessary to settle and finalize the Loan Modification Agreement, including recording of the modification with the County Clerk's office.

7. Terms of the Loan Modification Agreement not detailed in this Stipulated Order are not void, voidable, or otherwise invalid merely because they are not set out herein. To the extent that any portion of the instant stipulation varies from the terms of the proposed loan modification, the terms of the loan modification shall control. To the extent that any portion of the instant stipulation omits any portion of the original note and mortgage, such omitted portions are still valid an enforceable and the terms of the original note and mortgage are not amended other than detailed in the Loan Modification Agreement.

8. The Loan Modification is incorporated hereby by reference as if fully set forth.

9. It is expressly found that the parties hereto have negotiated the terms of the Loan Modification in good faith and in the exercise of reasonable business judgment and that the Loan Modification Agreement is in the best interest of the Debtor and the Secured Creditor.

10. The obligations due pursuant to the Note and Mortgage, as modified pursuant to the Loan Modification Agreement, are validly due and owing to the Secured Creditor by the Debtor without offset, counterclaim, or defense of any kind, in law or in equity.

11. The obligations due pursuant to thee Note are secured by a lien upon the Premises as evidenced by a duly recorded Mortgage, which lien and security interest is valid and remain in full force and effect.

12. The terms of the Note and Mortgage are not amended other than as detailed in the Loan Modification Agreement.

13. This Stipulation and Order may be filed with the clerk for recording in the land records with respect to the Premises.

14. Nothing in this Stipulation and Order or in the Loan Modification Agreement shall be understood or construed to modify the priority of the Mortgage, as amended and modified, and it is expressly found that the validity, extent and priority of the Mortgage, as amended, including without limitation any modification of the maturity date and the principal amount or any amounts capitalized as part of this modification, shall be effective as of the date the Mortgage was originally recorded. Further, nothing in this Stipulation and Order or in the Loan Modification Agreement shall change the first priority lien of the Secured Creditor vis-à-vis the second mortgage lien held by JPMorgan Chase Bank, NA under a mortgage dated April 11, 2006 in the original principal amount of $200,000 which was recorded in the Office of the City Register of the City of New York, Bronx County, on May 3, 2006 at CRFN No. 2006000244469.

15. This Stipulated Order shall be binding upon the heirs, successors and assigns of Secured Creditor and of the Debtor.

18. It is further agreed that a fully executed copy of this Stipulation shall be deemed the original for the purposes of filing the same with the Court and that facsimile signatures shall have the same force and effect as the original signature.

19. The foregoing represents the entire agreement of the Parties and no modification, amendment, or extension thereof shall be valid, unless in writing, signed by all signatories to this agreement.

| | |
|---|---|
| Dated: June 23rd, 2011 | Dated: June 28th, 2011 |
| **Attorney for Debtor(s)** | **Attorney for Secured Creditor** |
| /s/:  David Babel | /s/:  Anne M. Hulbert |
| David Babel, Esq.<br>Attorney for the Debtor<br>2525 Eastchester Road<br>Bronx, New York  10469 | Anne M. Hulbert, Esq.<br>Attorney for Secured Creditor<br>220 Northpointe Parkway<br>Amherst, New York 14228 |
| Dated: September 6, 2011<br>New York, New York | SO ORDERED:<br> /s/ Shelley C. Chapman<br> Honorable Shelley C. Chapman<br>United States Bankruptcy Judge |